SUMMARY ORDER
Defendant-Appellant Peter Absolam was convicted, following a five-day jury trial, of one count of conspiring to commit visa fraud, in violation of 18 U.S.C. § 371. He was sentenced principally to six months in prison, and three years of supervised release. We assume the parties’ familiarity with the facts and procedural history of this case, and the issues presented on this appeal.
Absolam was convicted for his involvement in a conspiracy that helped aliens *788 fraudulently obtain immigration documents by arranging sham marriages. Absolam, and the conspiracy, came to the attention of federal authorities when an alien, Jeffrey Bruney, who had come in contact with Absolam regarding obtaining a visa, tipped off the FBI. Bruney later cooperated with the FBI in obtaining evidence against Absolam and other members of the conspiracy, and testified at trial.
Prior to voir dire, Absolam’s attorney asked the court to explain the entrapment defense to the jury, and submitted a question related to the entrapment defense in counsel’s proposed voir dire questions. The government objected to such an instruction and question on the grounds that Bruney was not a government actor when he instigated contact with Absolam, and the entrapment defense would therefore not be available. Absolam’s attorney did not dispute that Bruney was not acting as a government actor when he contacted Absolam, and that the entrapment defense would be unavailable to him in this case. Accordingly, Absolam’s attorney withdrew the request for the entrapment instruction and question prior to the voir dire.
Following the trial, the government asked the district court to give an instruction that the entrapment defense was not available in this case. The district court, after Absolam’s attorney objected to such an instruction, decided to instruct the jury as follows:
By the way, you may have heard of a doctrine called entrapment. I have not instructed you on that doctrine because it would not apply in a case where a defendant is interacting with someone like Mr. Bruney who was not working for the government from the outset.
The jury convicted Absolam and the district court entered a judgment thereon. He appeals his judgment of conviction, arguing that the court’s instruction to the jury that the entrapment defense would not apply in his case was prejudicial error.
We review a claim of error in jury instructions de novo, reversing only where, viewing the charge as a whole, there was prejudicial error. United States v. Aina-Marshall, 336 F.3d 167, 170 (2d Cir.2003) (citing United States v. Tropeano, 252 F.3d 653, 657-58 (2d Cir.2001)). A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law. United States v. Abelis, 146 F.3d 73, 82-83 (2d Cir.1998).
For a court to overturn a conviction because of improper jury instructions, the defendant must establish both that the instructions were erroneous and, if so, that the error was prejudicial. See Schwartz v. Liberty Mut. Ins. Co., 539 F.3d 135, 147 (2d Cir.2008).
Absolam concedes that the entrapment defense was not available to him, and he does not argue that the jury instruction otherwise misstated the law. Instead, he argues that the charge was “inherently prejudicial” because informing the jury that the entrapment defense did not apply implied that Absolam had a burden of proof, and that he had failed to meet it. But Absolam fails adequately to explain why an instruction that entrapment was not at issue in the case would imply that the defendant carried a burden, or that he had failed to meet that implied burden. In other words, Absolam fails to show that the instruction was prejudicial. The district court gave detailed and careful instructions to the jury outlining the elements of the crime, the need to find guilt beyond a reasonable doubt, and emphasizing repeatedly that the government had the burden of proof. Taken as a whole, then, there is no reason for us to conclude that the instructions that entrapment was not at issue in this case “misle[d] the jury *789 as to the correct legal standard or [did] not adequately inform the jury on the law.” Abelis, 146 F.3d at 82-83. Because it did not carry with it the erroneous implication that Absolam asserts that it did, it was not itself erroneous.
For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.